UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

EUTIQUIO VAZQUEZ and GERARDO NAVA,

                      Plaintiffs,

        -against-

RANIERI CHEESE CORPORATION; RANIERI FINE FOODS, INC.; and ANGELO RONCONI,

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

07 CV 464 (ENV)(VVP)
ECF Case

**FIRST MOTION IN LIMINE OF DEFENDANTS**

## PRELIMINARY STATEMENT

Defendants, Ranieri Fine Foods, Inc. and Angelo Ronconi ("Defendants"), by their attorneys, MILMAN LABUDA LAW GROUP, PLLC, anticipate that Plaintiffs, Eutiquio Vazquez and Gerardo Nava ("Plaintiffs"), will attempt to introduce the following evidence at trial:

1. PL 0001 – PL 0016 (Gerardo Nava Recordkeeper)

2. PL 0017 – PL 0050 (Eutiquio Vazquez Recordkeeper)

3. PL 0052 (Vazquez handwritten notes)

Defendants request that this evidence be excluded for the reasons set forth below:

1. The Federal Rules of Evidence prohibit the introduction of hearsay evidence and the above referenced documents constitute inadmissible hearsay.

2. Assuming that the above referenced documents are otherwise admissible, the probative value of this evidence is outweighed by the danger of unfair prejudice or the needless presentation of cumulative evidence.

**POINT I**

**PLAINTIFFS CANNOT INTRODUCE HEARSAY EVIDENCE TO PROVE THE TRUTH OF THE HOURS THAT THEY ALLEGE TO HAVE WORKED FOR DEFENDANTS**

Pursuant to Rule 801(c) of the Federal Rules of Evidence ("FRE"), "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Pursuant to Rule 802 of the FRE, hearsay is not admissible except as otherwise provided in the FRE or other federal authority.

In this matter, the above referenced documents, respectively, are: alleged recordings of the hours worked at Ranieri Fine Foods, Inc. by plaintiffs Gerardo Nava and Eutiquio Vazquez, and an undated, handwritten set of notations by plaintiff Eutiquio Vazquez with hours on it, which purportedly indicates his work hours for several weeks at either Ranieri Cheese Corporation or Ranieri Fine Foods, Inc. The first two documents specifically were prepared by Mr. Nava and Mr. Vazquez at the request of Make the Road by Walking (which represents Plaintiffs). None of these documents are company records prepared by Defendants. In fact, the records are self serving documents that are confusing and may or may not be contemporaneous.

Clearly, Plaintiffs seek to offer the above mentioned documents into evidence to prove the amount of hours worked by Plaintiffs at Ranieri Fine Foods, Inc. Plaintiffs also intend to have Plaintiffs orally testify as to the amount of hours that they worked for Ranieri Fine Foods, Inc. As such, these documents are statements offered in evidence to prove the truth of the matter asserted- i.e. the amount of hours worked by Plaintiffs for

Ranieri Fine Foods, Inc.- which constitutes hearsay, and is not admissible under Rule 802 of the FRE.

It is anticipated that Plaintiffs will maintain that these documents should nevertheless be admitted into evidence, as the documents constitute the hearsay exception of recorded recollection.  Pursuant to Rule 803(5) of the FRE, "A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness' memory and to reflect that knowledge correctly.  If admitted, the memorandum may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party."  However, even assuming that the documents were made when Mr. Nava's and/or Mr. Vazquez's memories were fresh and accurately reflected their knowledge, the documents cannot be received as an exhibit, but can only be read into evidence.  As such, these documents are not admissible at trial.

Additionally, "absent an attack on the veracity of a witness, no evidence to bolster his credibility is admissible." United States v. Borello, 766 F.2d 46, 56 (2d Cir. 1985) (quoting United States v. Arroyo-Angulo, 580 F.2d 1137, 1146 (2d Cir.), cert. denied, 439 U.S. 913, 1005 (1978).  FRE Rule 608(a)(2) excludes evidence of a witness's trustworthy character until an attack is made on the witness's veracity.  Moreover, FRE Rule 801(d)(1)(b) defines as non-hearsay only those prior consistent statements that are offered "to rebut an express or implied charge" against the witness of "recent fabrication or improper influence or motive."  In this matter, Defendants have not attacked the credibility or veracity of Plaintiffs.  As such, the above referenced documents concerning

Plaintiffs' hours worked cannot be offered into evidence, as it would constitute an improper attempt to bolster Plaintiffs' credibility concerning the hours that they claimed to have worked.

## POINT II

### THE PROBATIVE VALUE OF THE ABOVE REFERENCED PROPOSED EVIDENCE IS OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE OR THE NEEDLESS PRESENTATION OF CUMULATIVE EVIDENCE

Defendants concede that in a bench trial, the trial judge presumably can hear relevant evidence, weigh its probative value and exclude improper inferences from his decisional analysis. See BIC Corporation v. Far Eastern Source Corporation, 23 Fed. Appx. 36, 39 (2nd Cir. 2001), *citing* Schultz v. Butcher, 24 F.3d 626, 631-632 (4th Cir. 1994). However, Defendants maintain that the above referenced documents should in any event be excluded pursuant to Rule 403 of the FRE, which provides that "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice…or needless presentation of cumulative evidence".

In this matter, the first two documents (prepared by Make the Road by Walking) clearly were made by Mr. Nava and Mr. Vazquez only after they began to consult their attorneys at Make the Road by Walking about possible overtime owed to them. As such, these are self-serving documents. Moreover, all of the above referenced documents do not clearly delineate the weeks and the time worked by Plaintiffs. Finally, the above referenced documents would constitute needlessly cumulative evidence, as Plaintiffs at trial will presumably be testifying as to their hours worked. Therefore, it is clear that whatever probative value may be gleaned from these documents (i.e., the amount of hours worked by Mr. Nava and Mr. Vazquez for Ranieri Fine Foods, Inc.) is substantially

4

outweighed by the danger of unfair prejudice from these documents (i.e., self serving document, confusing, may or may not be contemporaneous). As such, these documents must be held inadmissible under Rule 403 of the FRE.

**WHEREFORE**, Defendants, Ranieri Fine Foods, Inc. and Angelo Ronconi respectfully request that the court preclude Plaintiffs, Eutiquio Vazquez and Gerardo Nava, from introducing the above referenced hearsay evidence or otherwise evidence where the probative value is outweighed by the danger of unfair prejudice or the needless presentation of cumulative evidence.

Dated: Lake Success, NY  
       April 1, 2009

Respectfully submitted,

**MILMAN LABUDA LAW GROUP, PLLC**

By: /s/_____
    Joseph M. Labuda, Esq.
    Attorneys for Defendants
    Ranieri Fine Foods, Inc. and Angelo Ronconi
    3000 Marcus Avenue, Suite 3W3
    Lake Success, New York 11042
    Tel. (516) 328-8899