UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
EUTIQUIO VAZQUEZ and GERARDO NAVA,         :
:
                     Plaintiffs,    : 07 CV 464 (ENV)(VVP)
: ECF Case
               -against-          :
:   **MOTION IN SUPPORT OF**
RANIERI CHEESE CORPORATION; RANIERI FINE   :   **PLAINTIFFS' MOTION IN**
FOODS, INC.; and ANGELO RONCONI,           ::  **LIMINE TO EXCLUDE**
:     **EVIDENCE OF**
               Defendants.     :   **IMMIGRATION STATUS**
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       Plaintiffs respectfully submit this Memorandum of Law in Support of their Motion in Limine seeking an order precluding Defendants from eliciting or offering at trial in this matter any evidence, testimony, or information that touches upon, goes to, or involves Plaintiffs' immigration status or citizenship at the present or at any point during their employment for Defendants.

**I.     PRELIMINARY STATEMENT**

       Plaintiffs were formerly employed by Defendants at a Brooklyn-based high-end food importing business, Ranieri Fine Foods, Inc., formerly known as Ranieri Cheese, Corp. Plaintiffs allege that they are owed unpaid minimum and overtime wages for hours worked under the Fair Labor Standards Act and New York Labor Law. Defendants allege that the Plaintiffs worked fewer hours at higher wage rates than claimed, and that Angelo Ronconi is not individually liable as an employer. During the discovery phase of this litigation Defendants repeatedly sought evidence touching on Plaintiffs' immigration status, despite a ruling by Magistrate Judge Pohorelsky that such inquiry is barred in a claim for unpaid minimum and

overtime wages. Plaintiffs approached counsel for Defendants to stipulate that, in light of the prior rulings in this case, no evidence would be offered at trial with respect to immigration status. Defendants refused, indicating that they may indeed seek to introduce evidence on this issue at trial as well. Accordingly, Plaintiffs move for an order in limine to prohibit any inquiry or introduction of documents at trial relating to the issue of Plaintiffs' immigration status.

## II. PROCEDURAL BACKGROUND

During the documentary discovery of this case, Defendants sought Plaintiffs' passports, visas, evidence of out-of-country travel, and personal tax returns. Defendants lost a motion to compel production of immigration-related documents in Judge Pohorelsky's order dated February 8, 2008. In that order, Judge Pohorelsky stated that "it is true that immigration status is not an appropriate area of inquiry in wage and hour cases," and ordered production only of "photocopies of visas or pages from the passports that reflect travel from the relevant period", stressing again that Plaintiffs "are not required to produce their entire passport, nor are they required to provide any information concerning their immigration status or how they gained entry into the United States."

The parties have thus already briefed the issue of the relevance of immigration status, and Judge Pohorelsky held that in the context of this case, immigration status was entirely irrelevant. In spite of the Court's clear order, Defendants later inquired into Plaintiffs' immigration status at deposition. For example, at the deposition of Plaintiff Vazquez on June 4, 2008, after asking when Plaintiff Vazquez came to the United States, Joseph Labuda, counsel for Defendants, asked, "Are you a U.S. citizen?" Counsel defending the deposition noted his objection. Mr. Labuda continued, asking "Are you eligible to work in the United States?" Tr. 23-24. Despite asking the court reporter to mark this for a ruling from the Court, Defendants never in fact sought

2

that ruling. At the deposition of Plaintiff Nava on June 16, 2008, after extensive questioning about where Plaintiff was from, when he first arrived in the United States, and whether he left and returned at any point, Mr. Labuda continued by asking: "Are you a U.S. citizen?" and "Are you eligible to work in the United States." 14:22, 14:24-25. After strenuous objection by the defending attorney, and an off-the-record discussion, Mr. Labuda discontinued that line of questioning.

Prior to the filing of the instant motion, Plaintiffs requested that Defendants stipulate to preclude the introduction of evidence touching on Plaintiffs' immigration status at trial. Defendants refused Plaintiffs' proposed stipulation, stating, incredibly in light of the extensive briefing and conferrals on this issue in this case, that evidence of Plaintiffs' immigration status was in fact relevant to Plaintiffs' claims for unpaid wages and, potentially, to Plaintiffs' credibility.

The controlling precedent in the Second Circuit is clear: evidence touching on a plaintiff's immigration status, for purposes of credibility or otherwise, is completely irrelevant and highly prejudicial in the context of wage-and-hour litigation, and should be precluded from the trial of this matter.

## III.  ARGUMENT

### A. Immigration Status Is Irrelevant to All Claims and Defenses

Plaintiffs seek recovery from Defendants for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. 201 et seq., and New York Labor Law, 12 N.Y. C.L.S. Labor 652, and implementing regulations at 12 N.Y.C.R.R. 142-2.2, 142-2.18; statutory liquidated damages under federal and state law, 29 U.S.C. 216, N.Y. C.L.S. Labor § 663; attorneys' fees and costs, *id*.; and 9% prejudgment interest, C.P.L.R. §§ 5001-5005.

The relevant facts to be adduced at trial on Plaintiffs' claims and Defendants' defenses include, *inter alia*, the number of hours Plaintiffs worked, the amount of wages they were paid, Defendants' recordkeeping practices, the conditions of Plaintiffs' employment, and the identities of Plainitffs' employers under state and federal law.

Pursuant to Rule 401 of the Federal Rules of Evidence, "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under this standard, it is well-settled that immigration status is not relevant to wage and hour claims under FLSA or New York law, and it is not relevant here. Courts have routinely held that all employees, regardless of immigration status, are protected by the provisions of the FLSA. *See, e.g., Flores v. Amigon*, 233 F. Supp. 2d 462, 463 (E.D.N.Y. 2002) ("[n]umerous lower courts have held that all employees, regardless of their immigration status, are protected by the provisions of the FLSA"); *Zeng Liu v. Donna Karan Int'l, Inc.*, 207 F. Supp. 2d 191, 193 (S.D.N.Y. 2002) ("courts addressing the issue of whether defendants should be allowed to discover plaintiff-workers' immigration status in cases seeking unpaid wages brought under the FLSA have found such information to be undiscoverable"); *In re Reyes*, 814 F.2d 168, 170 (5th Cir. 1987) ("it is well established that the protections of the Fair Labor Standards Act are applicable to citizens and aliens alike and whether the alien is documented or undocumented is irrelevant"). Courts likewise have held that immigration status is irrelevant to application of New York's minimum wage and overtime provisions. *See, e.g., Nizamuddowlah v. Bengal Cabaret, Inc.*, 69 A.D.2d 875, 876 (2d Dep't 1979) (holding that immigration status is not relevant to an employee's right to recover unpaid wages under New York's minimum wage law). It is for these very reasons that Magistrate Judge Pohorelsky rebuffed Defendants' attempts to

inquire as to immigration status during discovery, citing *Flores v. Amigon*, 233 F. Supp. 2d 462, 463. It is hard to imagine that information deemed irrelevant during discovery could, in some way, be deemed relevant at trial.

### B. Inquiry into Immigration Status Has a Chilling Effect; Potential for Prejudice Far Outweighs Minimal Probative Value

Courts have routinely held that documents and other evidence touching on immigration status are not relevant in wage and hour actions due to the potential prejudicial and *in terrorem* effects:

> Courts have generally recognized the *in terrorem* effect of inquiring into a party's immigration status when irrelevant to any material claim. In particular, courts have noted that allowing parties to inquire about the immigration status of other parties, when not relevant, would present a 'danger of intimidation [that] would inhibit plaintiffs in pursuing their rights.'

*Topo v. Dhir*, 210 F.R.D. 76, 78 (S.D.N.Y. 2002) (citations omitted); *see also Flores*, 233 F. Supp. 2d at 465 ("[n]ot only does this Court find that the information is not relevant to Defendants' defense, but . . . even if it were, the potential for prejudice far outweighs whatever minimal probative value such information would have.") (citing *Liu*, 207 F. Supp. 2d at 193); *E.E.O.C. v. First Wireless Group, Inc.*, 225 F.R.D. 404, 406 (E.D.N.Y. 2004), *aff'd* Civ. No. 03-4990, 2007 WL 586720 (E.D.N.Y. Feb. 20, 2007) ("if this Court does not suppress discovery into the Charging Parties' immigration status, it would significantly discourage employees from bringing actions against their employers who engage in discriminatory employment practices"); *Rengifo v. Erevos Enterprises, Inc.*, Civ. No. 06-4266, 2007 WL 894376, at *5 (S.D.N.Y. Mar. 20, 2007) ("[c]ourts have recognized the *in terrorem* effect of inquiring into a party's immigration status and authorization to work in this country when irrelevant to any material claim because it presents a 'danger of intimidation [that] would inhibit plaintiffs in pursuing their rights'") (citations omitted); *Avila-Blum v. Casa de Cambio Delgado, Inc.*, 236 F.R.D. 190, 192

(S.D.N.Y. 2006) (holding inquiry into immigration status should be barred due to its "highly prejudicial" effect on determination of liability at trial)

    **C. Credibility Not a Valid Basis for Introduction of Immigration Status Evidence**

Defendants' assertion that evidence of Plaintiffs' immigration status is necessary to impeach Plaintiffs' credibility is not sufficient to warrant introduction of such evidence at trial. Courts have never held that credibility issues, standing alone, constitute sufficient reason to order discovery of such information prior to trial, much less introduction of evidence at trial. To the contrary, courts have explained that "[w]hile it is true that credibility is always at issue," that, however, "does not by itself warrant unlimited inquiry into" an areas that courts have repeatedly recognized to be particularly sensitive and deserving of judicial protection. *Rengifo*, 2007 WL 894376 at *3. Indeed, the same prejudice and *in terrorem* considerations that apply to a court's relevance analysis should be weighed when a party attempts to use credibility as a means to obtain information it has been otherwise denied. *Rengifo*, 2007 WL 894376 at *3 ("the opportunity to test the credibility of a party based on representations made when seeking employment does not outweigh the chilling effect that disclosure of immigration status has on employees seeking to enforce their rights"); *E.E.O.C. v. First Wireless Group, Inc.*, Civ. No. 03-4990, 2007 WL 586720, at *3 (E.D.N.Y. Feb. 20, 2007) (finding the defendant's asserted credibility justification to be "'nothing more than a back-door attempt to shed light on [employees'] immigration status'" and get around a protective order issued as to the substance of the claims); *Avila-Blum*, 236 F.R.D. at 192 (disallowing discovery of immigration information while noting that "a witness's credibility is always at issue and may be tested in a variety of ways without imposing an undue burden on a party"). The case law is clear that credibility is not a basis to discover immigration status even under the broad standard of relevance governing

discovery under the Federal Rules of Civil Procedure. To attempt to introduce evidence of immigration status at trial would be clearly impermissible pursuant to Federal Rules of Evidence 401 and 403 and would contravene the prior orders of this Court.

In sum, Defendants will not be able to establish that evidence relating to the immigration status of Plaintiffs is relevant to this action, nor have they provided a compelling reason to contravene well-established case law precluding evidence of immigration status in the context of wage and hour actions.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' motion in limine precluding Defendants from eliciting or offering at trial in this matter any evidence, testimony, or information that touches upon, goes to, or involves Plaintiffs' immigration status or citizenship at the present or at any point during their employment for Defendants.


Dated: Brooklyn, NY
April 1, 2009

    Respectfully submitted,

By: _____/s/_____
MAKE THE ROAD NEW YORK, INC.
Amy Carroll (AC 5640)
Sean Bettinger-Lopez (
301 Grove Street
Brooklyn, NY 11237
(718) 418-7690

*Attorneys for Plaintiffs*