UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
EUTIQUIO VAZQUEZ and GERARDO NAVA,

                            Plaintiffs,

              -against-

RANIERI CHEESE CORP., RANIERI FINE
FOODS, INC., and ANGELO RONCONI,

                            Defendants.
----------------------------------------------------------------x

**MEMORANDUM & ORDER**

07-CV-464 (ENV) (VVP)

**VITALIANO, D.J.**

On March 25, 2010, following a bench trial, this Court issued a Memorandum and Order finding that defendants Ranieri Cheese Corp., Ranieri Fine Foods, Inc., and Angelo Ronconi were liable for certain unpaid wages owed to plaintiffs Eutiquio Vazquez and Gerardo Nava under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and New York's overtime and minimum wage laws, N.Y. Lab. L. § 650 et seq.; 12 N.Y.C.R.R. § 137-1.3. Familarity with that decision, the facts, and procedural history of this case is presumed. The Court now considers the proper amount of damages, attorneys' fees, and costs to be awarded to plaintiffs.

**I.    DISCUSSION**

    **A.    Damages**

The calculation of unpaid wages submitted by plaintiffs is essentially unchallenged, with the exception of spread of hours pay, which provides one extra hour of pay for each day an employee works more than ten hours. See 12 N.Y.C.R.R. § 142-2.18. Plaintiffs calculated spread of hours pay based on the average hours each plaintiff worked in a given time period. Defendants contest the spread of hours formula, arguing for a breakdown of precisely which

1

days plaintiffs worked more than ten hours. The boat, however, has already sailed on defendants' argument. The Court held that damages, including spread of hours pay, may be determined by calculating the average hours plaintiffs worked in a set time period. See Vazquez v. Ranieri Cheese Corp., No. 07-cv-464, 2010 WL 1223606, **8, 17 (E.D.N.Y. Mar. 26, 2010). Given that defendants do not contest plaintiffs' mathematical calculation of average hours worked, the Court will adopt plaintiffs' spread of hours estimates.

The total damages, for unpaid wages, liquidated damages, spread of hours pay, and prejudgment interest, are thus found as follows: to plaintiff Nava, defendant Ronconi owes $2,339.55 for the Ranieri Cheese period of employment, and defendants Ronconi and Ranieri Fine Foods owe $5,468.69, jointly and severally, for the Ranieri Fine Foods period of employment; to plaintiff Vazquez, defendant Ronconi owes $17,045.97 for the Ranieri Cheese period of employment, and defendants Ronconi and Ranieri Fine Foods owe $7,270.83, jointly and severally, for the Ranieri Fine Foods period of employment. Recapitulating, out of the total recovery of $32,125.04, the Ranieri Cheese employment period gives rise to $19,385.52, or 60.34 percent of the total; the Ranieri Fine Foods employment period accounts for the remaining $12,739.52, or 39.66 percent. This allocation will be used to determine liability for attorneys' fees.

**B.     Attorneys' Fees**

Plaintiffs claim a total of $184,300.00 in attorneys' fees, $111,206.62 from Ronconi (for the Ranieri Cheese period of employment) and $73,093.38 from Ronconi and Ranieri Fine Foods (for the Ranieri Fine Foods period) jointly and severally. Specifically, plaintiffs seek to recover fees for the following work: 70.2 hours by attorney Julian Gonzalez, 256.0 hours by attorney Amy Carroll, 435.5 hours by staff attorney Sean Bettinger-Lopez, 77.0 hours by intern Julia

Deitz, and 16.0 hours by intern Sundrop Carter. Defendants argue for a 75 percent reduction in the fee award on a variety of grounds, yielding a proposed award of $15,009.75 to be paid solely by defendant Ronconi. While a reduction in the fee award is merited, the award should be substantially higher than that proposed by defendants.

    1. <u>Reasonable Hourly Rates</u>

Determining a proper award of attorneys' fees begins with calculating the "presumptively reasonable fee" for the attorneys in question, bearing in mind all relevant case-specific variables, including, inter alia, "the complexity and difficulty of the case," "the resources required to prosecute the case effectively," and "the timing demands of the case." <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany</u>, 493 F.3d 110, 112 (2d Cir. 2007), <u>amended on other grounds</u>, 522 F.3d 182 (2d Cir. 2008). The presumptively reasonable fee varies in part on the prevailing hourly rates for legal services in a particular district. Plaintiffs' counsel, Make the Road New York, is located in this district, where recent cases have found prevailing hourly rates of $250-$400 for partners, $200-250 for senior associates, $100-150 for junior associates, and $70-80 for legal assistants. <u>See</u>, <u>e.g.</u>, <u>Luca v. County of Nassau</u>, 698 F. Supp. 2d 296, 305-06 (E.D.N.Y. 2010); <u>Estrella v. P.R. Painting Corp.</u>, 596 F. Supp. 2d 723, 725-26 (E.D.N.Y. 2009) (setting an hourly rate of $250 for an "experienced attorney" with 12 years in labor and employment law); <u>Cho v. Koam Med. Servs. P.C.</u>, 524 F. Supp. 2d 202, 207 (E.D.N.Y. 2007).

Given the spectrum of fee rates a litigant could reasonably expect to pay in the Eastern District and the straightforward nature of this case, an hourly rate of $200 is appropriate for attorney Carroll, with seven years of legal experience, commensurate to that of a senior associate. An hourly rate of $150 is appropriate for attorneys Gonzalez and Bettinger-Lopez, consistent with a mid-level associate rate and their relative lack of experience with trying wage

and hour cases. An hourly rate of $70 is appropriate for the two interns. Applying these hourly rates to the hours of service claimed by plaintiffs, before any case-specific fee reductions, the total fee is computed at $133,565.00, comprising $80,593.12 for the Ranieri Cheese period of employment and $52,971.88 for the Ranieri Fine Foods period.

2. Uncontested Issues

Defendants contend that because Ranieri Fine Foods conceded its liability and tried to settle the case before trial, no fees should be assessed to it. Plaintiffs respond that Ranieri Fine Foods's concessions were small and did not include anything for the Ranieri Cheese period of employment. But, again, the battle lines are not drawn on a clean slate. The Court's trial determination Memorandum and Order noted that "[a]ny award of attorneys' fees . . . will be adjusted to discount proof of any facts not contested prior to trial based on the ratio of damages relating to the uncontested portion bears to the total." Vazquez at *19. Given that Ranieri Fine Foods's liability for unpaid overtime was not contested prior to trial, and that plaintiffs did not prevail on their claim that Ranieri Fine Foods was liable as a successor to Ranieri Cheese, no fees will be awarded for the recovery of unpaid wages during the Ranieri Fine Foods period of employment (amounting to $52,971.88, as calculated supra). To do otherwise would reward plaintiffs for spending hours upon hours of trial time achieving the same outcome that was offered in pre-trial settlement, and for failure to prove any additional Ranieri Fine Foods liability.

3. Prevailing Party

Defendants argue that plaintiffs' failure to establish successor liability and several other points of contention merits a reduction in fees as to defendant Ronconi. Defendants also note that plaintiffs stated a calculation of $102,233.00 in wage underpayments in their Rule 26 initial

4

disclosures, compared with $32,125.04 in damages awarded,[1] is a measure of failure warranting a similar reduction in fees. Plaintiff has not formally responded to this contention.

No doubt, the "most critical factor" in determining fee awards is "the degree of success obtained" by the prevailing party. Farrar v. Hobby, 506 U.S. 103, 114 (1992). The Court's analysis begins there and shows that plaintiffs prevailed on basic liability and in securing an award of compensatory and punitive damages based on willfulness and bad faith. But the analysis does not end there. Plaintiffs, as mentioned above, spent a great portion of their time at trial on the successor liability issue, which they ultimately lost. They also fell well short of their claims for hours worked, pay owed, and, thus, damages awarded. Overall, a reduction in the fee award is appropriate. Clearly, it would be unfair to charge Ronconi for the time plaintiffs spent in a failed effort to tag Ranieri Fine Foods with successor liability.

4. Excessive Billing

Notwithstanding any other basis for fee reduction, a reduction is warranted due to excessive billing. Plaintiffs submitted in their application charts with their time entries and noted that they had already written off a substantial amount of time, though they declined to state how much. Defendants challenged some of the individual entries and also claim plaintiffs' counsel took an unreasonably long time drafting their pre- and post-trial briefs.[2] Putting aside such pedestrian quibbles, the excessive billing contention really complements the argument for fee reduction rooted in plaintiffs' failure to prevail on successor liability. Rather than focus on the actual wage and hour claims, plaintiffs' counsel mired the case in minutiae, spending hours at

---

[1] Plaintiffs' original calculation of damages was $37,245.13.

[2] However, defendants' argument regarding duplicative hours, suggesting that plaintiffs should only be able to bill for one lawyer to attend trial, for example, is contrary to precedent. See, e.g., Meriwether v. Coughlin, 727 F.Supp. 823, 827-28 (S.D.N.Y. 1989).

trial comparing the meat and cheese offerings of the two corporate employers — but spending little time explaining what happened to Ranieri Cheese and the proceeds received by it on the sale of assets, or other corporate relationships essential to a finding of successor identity in New York. Plaintiffs' counsel should not be rewarded for this time-consuming digression, which came at the expense of pursuing other proof necessary to success, or, alternatively, determining to abandon a futile claim.

The Court has the discretion to reduce an unreasonable fee by a fixed percentage rather than attempt line-by-line reductions. See Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998); Nam Yang v. ACBL Corp., No. 04-cv-8987, 2006 WL 435720, at *1 (S.D.N.Y. Feb. 22, 2006); Access 4 All, Inc. v. HI 57 Hotel, LLC, No. 04-cv-6620, 2006 WL 196969, at *3 (S.D.N.Y. Jan. 26, 2006). The fees covering the Ranieri Cheese period of employment will therefore be reduced by 50 percent to correct this excessive billing, yielding a total of $40,296.56. The question of a similar reduction for the Ranieri Fine Foods period is moot, since no fees for that period will be awarded. See supra at 4.

    5.    Block Billing

Defendants argue that plaintiffs' counsel engaged in "block billing," warranting a percentage reduction in the hours billed. Though block billing is not prohibited, it is discouraged because it can make the determination of a proper fee award more difficult, and "substantial" block billing may result in a percentage decrease in the award. Aiello v. Town of Brookhaven, No. 94-cv-2622, 2005 U.S. Dist. LEXIS 11462, **10-11 (E.D.N.Y. Jun. 13, 2005). Plaintiffs indeed used block billing for some entries, but it was the exception rather than the rule. Clearly, the context and reasonableness of the plaintiffs' entries are plain, so no reduction is warranted on this basis.

6. Fees in Proportion to Damages

Defendants next argue that the proposed fees are improper because they are far larger than the proposed damages. Plaintiffs maintain that full fee awards are "critical to the goal of enforcing the rights of disadvantaged, low-wage individuals who might not otherwise secure counsel." Recent precedent accords with the plaintiffs' view. "[C]ourts have rejected the notion that fee awards should be proportionately tied to a plaintiff's recovery." Estrella, 596 F. Supp. 2d at 727. In particular, "[t]he fee provisions contained in the FLSA and New York Labor Law were designed in part to secure legal representation for plaintiffs whose wage and hour grievances were too small, in terms of expected recovery, to create a financial incentive for qualified counsel to take such cases under conventional fee arrangements." Id. Accordingly, no reduction in fees is warranted here.

C. Costs

Plaintiffs claim costs for transcripts and demonstratives. The inclusion of costs in the judgment is premature. Plaintiff may file a request to tax costs with the Clerk's office within 30 days of the entry of final judgment. See Local Civil Rule 54.1(a).

II. CONCLUSION

For all of the foregoing reasons and in implementation of this Court's trial decision announced in its Memorandum and Order of March 25, 2010, it is determined and ordered that:

1. Defendant Ronconi is liable to plaintiffs Vazquez and Nava under federal and state law and is directed to pay the following damages for the Ranieri Cheese period of employment:

    a. to plaintiff Nava: $2,339.55 in damages;

    b. to plaintiff Vazquez: $17,045.97 in damages.

7

2. For the Ranieri Fine Foods period of employment, defendants Ronconi and Ranieri Fine Foods are jointly and severally liable to plaintiffs Vazquez and Nava under federal and state law and are directed to pay the following damages:

   a. to plaintiff Nava: $5,468.69 in damages;

   b. to plaintiff Vazquez: $7,270.83 in damages.

3. Defendant Ronconi is liable to plaintiffs Vazquez and Nava jointly for reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b) and N.Y. Lab. L. §§ 198 and 663 and is directed to pay fees in a single award of $40,296.56.

4. The judgment will bear interest at the judgment rate of 0.26% from the date hereof until fully satisfied.

5. All relief not expressly granted in this Memorandum and Order is denied.

The Clerk is directed to enter judgment accordingly and to close this case for administrative purposes.

SO ORDERED.

Dated: Brooklyn, New York
February 4, 2011

s/ENV

_____
ERIC N. VITALIANO
United States District Judge