UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
EUTIQUIO VAZQUEZ, et al.,

                  Plaintiffs,                **ORDER**

   - v -

                                        CV-07-464 (ENV)(VVP)

RANIERI CHEESE CORPORATION, et al.,

                  Defendants.
----------------------------------------------------------------x
POHORELSKY, Magistrate Judge:

       The plaintiffs have moved to compel the defendants Angelo Ronconi and Ranieri Fine Foods, Inc., as well as non-party Annamaria Lepore (the wife of Ronconi), to provide information and produce documents pursuant to post-judgment subpoenas served on them. The information sought by the plaintiffs concerns the income and assets, or potential assets, of Ronconi, which the plaintiffs wish to identify in order to satisfy the judgment of nearly $60,000 that Ronconi remains liable to pay.

       Two issues overarch much of the information that the defendants and Lepore have declined to produce – whether the production of their tax returns may be compelled and the extent to which a non-party (Lepore) can be required to produce documents and information.  In addressing those issues below, and the scope of information sought by the plaintiffs in general, the court notes the breadth of discovery afforded to judgment creditors under the Federal Rules of Civil Procedure.  Rule 69 "permits wide latitude in using the discovery devices provided by the Federal Rules in post-judgment proceedings." *Libaire v. Kaplan*, 760 F. Supp. 2d 288, 293 (E.D.N.Y. 2011), *quoting Gibbons v. Smith,* No. 01 Civ. 1224, 2010 WL 582354, at *3 (S.D.N.Y. Feb. 11, 2010) (internal quotation marks omitted); *accord, e.g., Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* No. 88 CV 3039, 1993 WL 50528, at *1 (E.D.N.Y. Feb. 23, 1993).  Indeed, a judgment creditor "is entitled to a very thorough examination of a judgment debtor with respect to its assets," *Greyhound Exhibitgroup,* 1993 WL 50528, at *1, and "a wide range of discovery" concerning that issue, *Banco Central De*

*Paraguay v. Paraguay Humanitarian Found.,* No. 01 Civ. 9649, 2006 WL 3456521, at *8 (S.D.N.Y. Nov. 30, 2006).

Given the breadth of permissible discovery concerning the assets of judgment debtors, it is questionable whether the two-part test traditionally applied when considering the discovery of tax returns applies to post-judgment discovery of those items. Under the traditional test, the party seeking an adversary's tax returns is required to demonstrate (1) the relevancy of the returns to the subject matter of the proceedings, and (2) a compelling need for the returns because the information is not otherwise readily obtainable. *Garcia v. Benjamin Group Enterprises, Inc.*, CV-09-2671 SJ VVP, 2010 WL 2076093 (E.D.N.Y. May 21, 2010), *citing, inter alia, Carmody v. Village of Rockville Centre,* No. CV–05–4907, 2007 WL 2042807, at *2 (E.D.N.Y. July 13, 2007). But that test has been developed and applied primarily in the context of pretrial discovery, when courts give precedence to the parties' legitimate desire to maintain confidentiality concerning their assets in the absence of a compelling need for the information. *See, e.g., Mejia v. N. Shore Farms # 1 Ltd.*, No. CV-10-2589, 2011 WL 573827, at *1 (E.D.N.Y. Feb. 15, 2011); *but see Libaire v. Kaplan*, 760 F. Supp. 2d 288, 293 (E.D.N.Y. 2011). Once judgment has been entered against a defendant, however, that desire for confidentiality must necessarily yield to a plaintiff's legitimate need to acquire any and all information reasonably available to locate the defendant's assets. Thus in the post-judgment context, courts have readily required production of tax returns with no showing of compelling need, *see, e.g., The Edward Andrews Group, Inc. v. Addressing Services Co., Inc.*, No. 04 CIV 6731, 2006 WL 1214984, at *1 (S.D.N.Y. May 4, 2006), or with a showing that the judgment debtor has produced only limited documents related to his assets, *see, e.g., Libaire*, 760 F. Supp. 2d at 295.

Similarly, the breadth of post-judgment discovery with respect to a judgment debtor's assets affords judgment creditors considerable latitude in obtaining documents and information from non-parties. *See, e.g.,* Fed. R. Civ. P. 69(a)(2) (judgment creditor may obtain discovery from "any person"); *GMA Accessories, Inc. v. Elec. Wonderland, Inc.*, No. 07 Civ. 3219, 2012 WL 1933558, at *4 (S.D.N.Y. May 22, 2012) ("the judgment creditor must

be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor.") (*quoting Costamar Shipping Co. v. Kim–Sail, Ltd.,* No. 95 Civ. 3349, 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995)). Of course, a non-party's own assets are not automatically a proper subject of inquiry in post-judgment discovery, *e.g., GMA Accessories*, 2012 WL 1933558, at *5, discovery concerning a non-party's assets is permitted if the relationship between the judgment debtor and the non-party is such that the non-party may possess concealed or fraudulently transferred assets of the judgment debtor, *see Costomar Shipping Co., Ltd. v. Kim-Sail, Ltd.*, No. 95 Civ. 3349, 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995); *accord, Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559, 561 (S.D.N.Y. 1977). Thus, for example, in *Libaire* the court ordered a judgment debtor to disclose not only his own tax returns, but those of his corporation as well. 760 F. Supp. 2d at 295.

With these principles in mind, the court has little difficulty concluding that Ronconi, Lepore and Ranieri must produce much of the information requested of them. Discovery thus far has established that Ronconi and Lepore are married, and file joint tax returns. Together they operate Ranieri Fine Foods, Inc. Those facts alone are sufficient to establish that Lepore is in a position where she might possess concealed or fraudulently transferred assets of her husband. That possibility is strengthened by their assertion that, although Ronconi spends a good deal of time conducting Ranieri's business, he is paid no salary. Ronconi has provided no documentation to substantiate that allegation, and his offer to provide a sworn statement to that effect is hardly sufficient. Thus, his tax returns, which are plainly relevant to the question of his income and assets, are relevant, and a compelling need for their production (if that is even necessary in this post-judgment proceeding) exists. That the returns will also disclose Lepore's income serves a separate purpose in the event that Ronconi in fact receives no earnings from Ranieri. Under New York law, a judgment debtor who attempts to impede collection by rendering services without adequate compensation may nevertheless be required to make installment payments. N.Y. C.P.L.R. § 5226. Disclosure of Lepore's income would thus serve to establish the value of the services Ronconi provides to Ranieri and the amount of installment payments he is required to make.

Similarly, Ranieri's financial records will provide information concerning any salary or other income Ronconi receives from the business, and, if he receives no salary of income, the salaries and other income paid to Lepore and others will assist the court in establishing the reasonable value of his services.

The court therefore makes the following rulings with respect to the following specific requests for discovery which Ronconi, Lepore and Ranieri have declined to honor:

<u>Angelo Ronconi – Subpoena</u>

As to document request No. 9, the objection is overruled in part such that Ronconi is required to produce the documents requested as to him, but is not required to produce documents with respect to any other person living in his household. As to document requests Nos. 10 through 15, the objections are overruled and Ronconi is required to produce all documents requested.

<u>Annamaria Lepore – Subpoena Duces Tecum and ad Testificandum</u>

As to document request No. 5, the objection is overruled in part such that Lepore is required to produce all documents requested related to Ronconi and Lepore, is not required to produce documents with respect to any other person living in his household. As to document request No. 9, Lepore is required to produce all documents requested concerning or referencing any income for Ronconi and Lepore, whether individually or jointly. As to document requests Nos. 10, and 21-23, all objections are overruled, and Lepore is required to produce all documents requested.

<u>Annamaria Lepore – Information Request</u>

As to information request No. 10, the objection is overruled and Lepore is required to provide a complete answer.

<u>Annamaria Lepore – Deposition</u>

Lepore is directed to provide the annual income of herself and Ronconi as well as the monthly housing costs for herself and Ronconi.

*Ranieri Fine Foods, Inc. – Subpoena Duces Tecum*

As to document requests Nos. 6-8 and 18, all objections are overruled and all documents requested are to be produced. As to document request No. 21, the objection is overruled in part such that Ranieri is not required to produce documents related to income for persons other than Ronconi and Lepore.

*Ranieri Fine Foods, Inc. – Deposition*

Ranieri is to provide the annual salary paid to Lepore for each of the last five years.

All responses are to be provided, and all documents are to be produced for inspection and copying, on or before January 31, 2013 at the offices of the plaintiffs' counsel.

                                             **SO ORDERED:**

                                             *Viktor V. Pohorelsky*
                                             VIKTOR V. POHORELSKY
                                             United States Magistrate Judge

Dated:    Brooklyn, New York
             January 8, 2013